UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOKSIDE BANQUETS, LLC, DIMITRIOS T. PERIDES & THEODOROS P. PERIDES D/B/A PERO'S INC. T/A BIAGIOS RESTAURANT, LAND NEIL, INC., D/B/A FIESTA BANQUETS & DELDOR REALTY, PALSI CORP. T/A REDD'S RESTAURANT & BAR, HOSPITALITY INNOVATIONS T/A REDD'S BIERGARTEN, PREMIUM FOOD & BEVERAGE LLC T/A REDD'S BIERGARTEN, AND THE GYM LAKEWOOD, INC, | Civ. No. 21-08832 (KM) (CLW)  OPINION |
| Plaintiffs, | |
| v. | |
| SELECTIVE INSURANCE COMPANY, WESTERN WORLD INSURANCE GROUP, LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN AUTOMOBILE INSURANCE COMPANY, AXIS INSURANCE COMPANY, AND PHILADELPHIA INDEMNITY INSURANCE COMPANY, | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

In this case, a group of New Jersey businesses seek coverage from their insurers for losses related to the COVID-19 pandemic and government measures taken in response. Plaintiffs brought suit in New Jersey Superior Court seeking a declaratory judgment to settle the insurers' coverage obligations. Defendants removed the matter to this Court.

1

Now, plaintiffs move to remand this case to state court (DE 30) and defendants move to sever the non-diverse parties (DE 31).[1] For the reasons set forth below, that motion to remand is GRANTED.[2]

## I.     Background

Starting in March 2020, states and localities responded to the COVID-19 pandemic with stay-at-home orders and other measures, including the closing of retail businesses. (Compl. ¶ 52–78.) Plaintiffs, six New Jersey restaurants and a New Jersey fitness center, allege that the result has been heavy losses for their businesses. (*Id.* ¶ 23.)

In an attempt to recoup some of those losses, Plaintiffs turned to their insurance carriers. The insurers declined coverage, asserting that the policies' virus exclusions apply and that the COVID-19 pandemic and resulting business losses do not fall within the policies' definition of "physical damage." (*Id.* ¶ 22–23, 80–81.) Consequently, on March 16, 2021, plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Bergen County, seeking a declaratory judgment under the New Jersey Declaratory Judgment Act, N.J. Stat. Ann. § 2A:16-59, that defendants were obligated to provide coverage. (*Id.* ¶ 109–113.) The complaint named as defendants six different insurance companies, two of which are alleged to be New Jersey citizens. (*Id.* ¶ 9–15.) On April 9, 2021, defendant American Automobile Insurance Company, a Missouri corporation, removed the case to federal court, alleging that there was complete diversity between itself and the New Jersey plaintiffs. (DE 1 ¶ 8.) Post-removal, Plaintiffs voluntarily dismissed a second count, for breach of contract, that had appeared in the complaint as initially filed. (DE 20.)

---

[1]     For ease of reference, certain key items from the record will be abbreviated as follows:

    DE     =     Docket entry in this case

    Compl. =     State Court Complaint (DE 1, Ex. A)

[2]     Because this case is being remanded to state court, I deny the motions to dismiss (DE 37, 38, 39), without prejudice to renewal in state court as appropriate.

On July 29, 2021, plaintiffs moved to remand, claiming that this court does not have subject matter jurisdiction because the statute requires complete diversity between all plaintiffs and all defendants. (DE 30-2 at 3.) The next day, three non-New Jersey defendants (American Automobile Insurance Company, Axis Insurance Company, and Liberty Mutual Insurance Group) moved to sever the case against themselves (DE 31), on the theory that there would be complete diversity in that severed case.

## II.     Legal Standards

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603–04 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)–(b)). Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Here, federal jurisdiction is premised on diversity. (DE 1) A district court has subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is fundamental that diversity jurisdiction exists only when there is "complete diversity" of the parties. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In other words, "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). A corporation is a citizen of both the state of its incorporation and principal place of business. 28 U.S.C. § 1332(c). Complete diversity must exist both at the time the complaint is filed and, if the case is removed, at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir.

2013). A defendant, as the removing party, bears the burden to establish federal jurisdiction. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

### III.   DISCUSSION

I do not belabor the issue of diversity as such. It is conceded that the named parties are not completely diverse, *i.e.,* that all of the plaintiffs, as well as at least one defendant, Selective Insurance Co., are citizens of New Jersey.[3] (DE 1 ¶ 10; DE 31-1 at 5.) It follows that this court lacks diversity subject matter jurisdiction unless the portion of the case brought against the non-diverse defendant(s) is severed and removed from jurisdictional consideration.

Defendants put forward two closely related arguments: fraudulent joinder and fraudulent misjoinder. Both focus on the idea that the non-diverse parties were invalidly included for the purpose of defeating diversity jurisdiction. (DE 35 at 14; DE 31-1 at 10.) Both rest on some version of the same theory: that the cases between New Jersey plaintiffs and out-of-state insurers, and the cases between New Jersey plaintiffs and in-state insurers, do not belong together in a single action. Fraudulent joinder focuses on the merits, *i.e.,* whether the plaintiff possesses a colorable cause of action against the non-diverse defendant. Fraudulent misjoinder focuses on procedure, *i.e.,* whether the claims against the diverse and non-diverse defendants, even if viable, may properly be joined in the same action. Defendants propose severance (whether viewed as severance of claims or parties) as a remedy for the fraudulent joinder or misjoinder.

---

[3]    Defendants dispute the citizenship of defendant Western World Insurance, but admit that defendant Selective Insurance is a New Jersey citizen. (DE 31-1 at 5.) Because the presence of a single non-diverse defendant is sufficient to defeat jurisdiction, it is unnecessary for present purposes to resolve the status of Western World Insurance.

### a. Fraudulent Joinder

Defendants argue that the merits-based doctrine of fraudulent joinder "controls" this case and requires that this Court retain subject matter jurisdiction. (DE 35 at 8.) I disagree.

As noted above, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Nevertheless, a single diverse defendant may remove a facially nondiverse case to federal court, on the theory that other, non-diverse parties should be disregarded, because they were "'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, 448 F.3d at 216. Joinder is fraudulent in this sense if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* The threshold is lower than that for a motion to dismiss; "plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so 'wholly insubstantial and frivolous' as to fail to invoke the subject matter jurisdiction of the District Court." *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Thus, fraudulent joinder may be found only where the plaintiff's claim against a non-diverse defendant is so meritless as to be frivolous—for example, barred at the threshold as a matter of law, or untimely under the relevant statute of limitations. *See id.* (claim against non-diverse defendant employer barred by workers' compensation statute); *Briscoe*, 448 F.3d at 219 (statute of limitations).

Here, plaintiffs' claims cannot be termed frivolous. Declaratory judgment actions against insurers to clarify the scope of coverage, sounding in state law, are common. The plaintiffs are policy holders whose claims have been denied, and whose interests in the scope of coverage are sufficiently concrete. *See DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 203 (3d Cir. 2021). There is no substantial argument by defendants that the plaintiffs'

claims are collusive, contrived, or otherwise phony. The Third Circuit has stated "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Briscoe*, 448 F.3d at 217.

There is no doubt that the complaint in this case meets that low jurisdictional prerequisite. I thus cannot find that joinder of the non-diverse component of the complaint was fraudulent.

### b. Fraudulent Misjoinder

What defendants are more plausibly arguing is that the diverse and nondiverse components of the complaint, even assuming the claims are viable, do not belong in the same lawsuit. I therefore address the doctrine of fraudulent misjoinder, which was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). "While fraudulent joinder tests the viability of the claims against the defendant, fraudulent misjoinder tests the procedural basis of a party's joinder." *In Re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654, at *10 (D.N.J. Oct. 1, 2014). The Third Circuit has neither adopted nor foreclosed the theory of fraudulent misjoinder. *See Plavix,* 2014 WL 4954654, at *11. Assuming *arguendo* that the doctrine applies in this Circuit,[4] I nevertheless reject defendants' argument that the non-diverse component of the complaint was fraudulently misjoined with the diverse component.

The court in *Tapscott* saw itself, not as creating a new and separate doctrine, but as modifying the fraudulent joinder doctrine to encompass claims

---

[4] Some courts in this district have refused to apply the fraudulent misjoinder doctrine in the absence of clear guidance from the Third Circuit, citing the presumption against expanding federal jurisdiction. *See Plavix*, 2014 WL 4954654, at *4 (surveying cases); *see also Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace [the doctrine] finds that this issue would be better decided in state court, the court in which the parties were originally joined.").

6

which, if not meritless, very clearly do not belong in the same lawsuit. The fraudulent misjoinder doctrine, by its terms, applies only under extreme circumstances. The Eleventh Circuit wrote that "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. As one court in this district glossed the doctrine, "the misjoinder must be grossly improper or collusive and would fail to serve any legitimate purpose of fairness or judicial economy." *In re Fosamax Prods. Liab. Litig.*, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012 (internal quotation marks omitted). Here, I find that there is nothing egregious about businesses joining together to obtain a declaratory judgment against their insurers, some New Jersey citizens and some not, based on similar claim denials and common coverage issues.

As noted, the doctrine applies only in cases of "egregious" misjoinder, but the ordinary permissive-joinder standards of Fed. R. Civ. P. 20 help to orient the discussion. Taking the Rule 20 factors as my guide, I find that the joinder of New Jersey plaintiffs and their corresponding in-state insurers with other New Jersey plaintiffs and their corresponding out-of-state insurers cannot be viewed as an "egregious" misjoinder.

Rule 20(a)(1) & (2) allow persons, whether plaintiffs or defendants, to be joined in one action if "(A) they assert [or have asserted against them] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs [or defendants] will arise in the action." Rule 20(a)'s "transaction or occurrence" requirement is applied liberally to achieve the rule's goals of promoting judicial economy and efficiency. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 1995 WL 428683, at *2 (E.D. Pa. July 17, 1995). "The purpose of Rule 20(a) is to 'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits.'" *Miller v. Hygrade Food Products Corp.*, 202

F.R.D. 142, 144 (E.D. Pa. 2001). I find that joinder was proper—or, more to the point, not egregiously improper—under Rule 20(a).[5]

First, the plaintiffs are asserting a common issue of policy interpretation: specifically, whether the relevant policy provisions, which are worded similarly if not identically (DE 30-2 at 2), require coverage of losses related to COVID-19 shutdown measures. All of the plaintiffs' claims for business interruption were denied based on the policies' virus exclusions and definitions of "physical damage." All plaintiffs claim that the insurers' interpretation of that policy language is erroneous. Thus, the plaintiffs' declaratory judgment claim against the various defendant insurers presents issues that are not only legally related, but parallel and essentially identical.

Second, the plaintiffs are factually, as well as legally, in the same boat. All claim that their businesses were severely impaired by COVID-19 and by measures, particularly closure orders, taken to impede the spread of the virus. Six of the seven plaintiffs are restaurants, whose businesses presumably would have been affected in much the same manner.[6] They all primarily seek a declaratory judgment as to the scope of coverage.[7]

---

[5] There is also no indication that the joinder was meant to avoid the requirements of Federal Rule of Civil Procedure 23, which governs class actions. This case would likely be a bad candidate for class treatment because, to begin with, seven plaintiffs suing six defendants likely do not meet the numerosity requirement of Rule 23(a)(1). *See* William B. Rubenstein, 1 Newberg on Class Actions § 3:12 (5th ed.) ("a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder").

[6] The seventh, The Gym Lakewood, Inc., may appear to be something of an outlier, as it is a fitness center which is located in a different part of the state from the other, restaurant plaintiffs. (Compl. at 2.) Fitness centers, however, were similarly subject to closure orders. Most important, for current purposes, is that it does not really matter. The Gym's insurer is a Pennsylvania corporation, so they are of diverse citizenship. (*Id.*) Obviously, then, The Gym could not have been joined to defeat diversity jurisdiction.

[7] Originally, the action contained a second count asserting a claim for damages based on breach of contract, which, if successful, presumably would have required calculation of each plaintiff's damages, if any. That count has been dropped (DE 20); only the declaratory judgment count remains.

Thus the claims of the various plaintiffs against their insurers involve common questions of law and fact, and are logically related. They also may be seen as arising from the same transaction, occurrence, or series of transactions or occurrences, relating to the governor's COVID-19 closure orders. Joinder would likely be permissible under Rule 20, but in any event is not egregiously improper.

A suggestive precedent is Magistrate Judge Michael A. Hammer's opinion in *Burgman v. Costco,* 2019 WL 7373076 (D.N.J. Nov. 22, 2019), *report and recommendation adopted*, No. CV1915834KMMAH, 2019 WL 7373010 (D.N.J. Dec. 31, 2019). That New Jersey plaintiff joined, in state court, a slip-and-fall cause of action against a diverse defendant, with an automobile collision claim against another, non-diverse defendant. The diverse defendant, Costco, removed the case to this court, asserting that the automobile case had nothing to do with itself and did not belong in the case. Judge Hammer nevertheless recommended remand of the case, reasoning that the fraudulent misjoinder doctrine had never been adopted by the Third Circuit, and in any event had been used primarily in the context of multi-party mega-litigations. *Id.* at *5.[8] In *Wyckoff Properties, LP v. Selective Ins. Co.*, an insurance case like this one, Magistrate Judge Falk issued a report and recommendation, adopted by Judge Martini, likewise resulting in remand. *Wyckoff Properties, LP v. Selective Ins. Co.*, No. CV 21-238 (WJM), 2021 WL 3555781 (D.N.J. July 27, 2021), *report and recommendation adopted sub nom. Wyckoff Properties, LP v. Berkshire Hathaway Guard Ins.*, Co., 2021 WL 3550222 (D.N.J. Aug. 11, 2021).[9] Judge

---

[8] In addition, Judge Hammer found that the standard for what constituted "egregious" misjoinder was unclear and thus difficult to apply with certainty. He also held that the usual fraudulent joinder doctrine did not apply, because the claim against the allegedly negligent driver was viable on the merits. *Id.* at *4.

[9] Defendants attempt to distinguish *Wyckoff Properties* by noting that there was no motion to sever. (DE 35 at 7-8.) Although this is technically true, a defendant in *Wyckoff Properties* did request that the court sever the non-diverse parties as part of its opposition to remand. (*Wyckoff Properties*, 21-cv-238, docket entry 39.) Judge Falk considered and rejected the requested severance. *Wyckoff Properties*, 2021 WL 3555781 at *2, *4.

Falk, like Judge Hammer, reasoned that the fraudulent misjoinder doctrine had not been established in this Circuit and would represent an inadvisable expansion of federal jurisdiction. *Id.* at *4. In addition, he found that "there are many similarities to the claims and there is no evidence whatsoever that the joinder was egregious or fraudulent." *Id.*

I need not go as far as *Burgman* and *Wyckoff*, *a fortiori* cases in which the able Magistrate Judges declined to apply the fraudulent misjoinder doctrine as a matter of law. Even assuming that the doctrine has vitality in this Circuit, it does not preserve the Court's diversity jurisdiction here, for the reasons expressed above.

Defendants cite several cases in which courts have found fraudulent misjoinder and therefore declined to remand, but none are controlling or persuasive. In some, plaintiffs (sometimes hundreds of plaintiffs) from many different states with very little in common were jammed into a single action to defeat diversity. *See, e.g.*, *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013); *In re Diet Drugs*, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999). In one, *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 954 (S.D. Ill. 2007), five plaintiffs sued for damages because the insurer failed to reimburse them for claims "resulting from three separate fires. There is no indication that its failure to pay these claims was the result of some common policy." *Id.* at 958. Another, *Aguji v. Am. Sec. Ins. Co.*, 2014 WL 116445 at *2 (E.D.N.Y. Jan. 10, 2014), did parallel this case in that it involved multiple plaintiffs' rejected insurance claims arising from a single catastrophe (there, a storm). The court held that the individuals' suits for their particular damages were improperly joined, finding that the claims were too individually distinct, and that the insurer "may have different justifications for denying and/or limiting each plaintiff's claims." *Id.* at *2.

Those prior cases did not apply Third Circuit law, and involved different Rule 20(a) considerations. More fundamentally, those precedents are not on point. Those cases were collections of individual and distinct claims for

damages. Here, in contrast, the primary claim is one for a declaratory judgment.[10] That declaratory judgment claim presents a unitary coverage issue, one essentially of contract interpretation, which is common to all plaintiffs.

It might be debated whether this configuration represents the optimum method of resolving the parties' dispute here. For purposes of the fraudulent misjoinder doctrine, however, whether a court could permissibly sever for purposes of case management is not the issue. The joinder here violates no rule, shows no sign of being an attempt to circumvent the federal rules, does not subvert standards governing class actions, and is not in any other way "egregious" or "grossly improper." I thus reject the claim of fraudulent misjoinder.

### IV.   Conclusion

For the reasons set forth above, I find that neither the fraudulent joinder doctrine nor the fraudulent misjoinder doctrine applies. Because diversity jurisdiction is lacking, the motion to remand is GRANTED. A separate order will issue.

Dated: December 29, 2021

/s/ Kevin McNulty

---

**Kevin McNulty**
**United States District Judge**

---

[10]   Indeed, that is now the only claim. *See* n.7, *supra*.